IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JAMES SANFORD,                    )
                                  )    02:04-cv-2154-GEB-PAN(JFM)
              Plaintiff,          )
                                  )
     v.                           )    ORDER*
                                  )
DEL TACO, INC., d/b/a DEL TACO    )
# 115; PHILIPPE DURAND GORRY,     )
                                  )
              Defendants.         )
_____)
```

        Defendants move for summary judgment under Federal Rule of Civil Procedure 56(b).[1]  In response, Plaintiff requests a Rule 56(f) continuance.  For the reasons discussed below, the request for a continuance is granted.

        "Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."  <u>United States v. Kitsap Physicians Service</u>, 314 F.3d 995, 1000 (9th Cir. 2002).  "A party requesting a continuance pursuant to Rule 56(f) must identify by

---

    *     This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

    [1]     Unless otherwise stated, all references to "Rules" are to the Federal Rules of Civil Procedure.

1

affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). If the affidavit reveals "a continuance is needed to obtain facts essential to preclude summary judgment," then "a district court should continue [the] summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). However, if the party requesting the continuance failed "to conduct discovery diligently," the district court may deny the Rule 56(f) request. Pfingston v. Ronan Engineering Co., 284 F.3d 999, 1005 (9th Cir. 2002) (stating "the failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion"); California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990) (stating "the district court does not abuse its discretion by denying further discovery if the [party requesting a Rule 56(f) continuance] . . . failed diligently to pursue discovery in the past").[2]

        In this action, Plaintiff asserts claims against Defendants under the American with Disabilities Act ("ADA") and various California statues, alleging approximately fifty architectural barriers in and around the Del Taco restaurant located at 5900 Florin Road in Sacramento deny him full and equal access to the restaurant. (Pl.'s Compl. ¶ 1-2, 18-21, Ex. A.)  In their motion for summary

---

[2] When a party requests a Rule 56(f) continuance after the discovery completion date prescribed in a Rule 16 Scheduling Order, that party must also demonstrate "good cause" exists under Rule 16(b) to conduct further discovery. Cf. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' requirement, like that for Rule 56(f) relief, considers the diligence of the party seeking relief." FMC Corp. v. Vendo Co., 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). As a result, the diligence analysis under both rules has been combined.  (See infra, page 3-4.)

judgment, Defendants assert Plaintiff's ADA claim is moot because they recently modified the restaurant and removed all of the alleged architectural barriers.  (Defs.' Mot. at 11.)  Plaintiff rejoins that he cannot adequately respond to Defendants' mootness argument without conducting a site inspection of the restaurant.  (Hubbard Decl. ¶ 7.) Plaintiff maintains that a site inspection will allow him to determine whether the previously identified architectural barriers have been removed and whether other barriers have been created by the modifications to the restaurant.  (Id. ¶¶ 6-8, 10.)  Plaintiff argues that if the architectural barriers have not been removed his ADA claim is not moot and a genuine issue of material fact would preclude Defendant's motion for summary judgment.  (Id. ¶ 8, 10, 12.)

       Defendants raise several objections to Plaintiff's request for a continuance.  First, Defendants argue that a site inspection will not "allow Plaintiff to obtain facts that preclude summary judgment."  (Defs.' Opp'n at 4.)  However, "[w]hether [D]efendants have removed the architectural barriers is the central issue in this case."  Sanford v. Del Taco, Inc., 2005 WL 3080930, *2 (E.D. Cal. 2005).  "If [Plaintiff] inspects the restaurant and finds that [D]efendants have not removed the barriers, then his claim is not moot under the ADA.  The facts gained from a[] site inspection could defeat the motion for summary judgment."  Id.  Consequently, "knowing exactly what modifications were made [to the restaurant] constitutes sought-after facts clearly essential to [P]laintiff's ability to respond to [D]efendant's motion for summary judgment."  Eiden v. Home Depot USA, Inc., 2005 WL 2240462, *1 (E.D. Cal. 2006).

       In addition, Defendants argue Plaintiff should not be granted a Rule 56(f) continuance because he did not diligently conduct

3

discovery before Defendants filed their motion for summary judgment on June 12, 2006. (Defs.' Mot. at 2.) Defendants contend Plaintiff knew or should have known about the restaurant modifications since May 31, 2006, the day Defendants provided Plaintiff with a final supplemental expert report discussing the modifications.[3] (Id.) Defendants argue Plaintiff had "two weeks since the supplemental expert report . . . to conduct . . . a site inspection" before Defendants filed their motion for summary judgment. (Id. at 3.) However, under the circumstances here, the fact that Plaintiff did not conduct a site inspection during those two weeks does not reveal a lack of diligence.

Therefore, Plaintiff's request for a Rule 56(f) continuance is granted because "an additional site inspection could lead to essential facts that would defeat [the] motion for summary judgment." See Sanford, 2005 WL 3080930, *2. In addition, Plaintiff is granted a site inspection of the restaurant for the limited purpose of determining whether Defendants have removed the alleged architectural barriers; the site inspection shall be completed within twenty [20] days from the date on which this Order is filed.

The hearing on Defendants' motion for summary judgment and Plaintiff's related motion to strike is continued to August 7, 2006, at 9:00 a.m. Any opposition to the motion for summary judgment shall

---

[3] Defendants also contend Plaintiff knew or should have known about the modifications since May 10, 2006, the day Defendants provided Plaintiff with a draft expert supplemental report. (Defs.' Mot. at 2, 5.) However, a comparison of the draft and the final reports reveals that modifications discussed in the final report are not included in the draft report. (Compare Defs.' Ex. 2, with Defs.' Ex. 3.) For example, the first page of the final report states that two new signs have been installed; however, no such notice appears on the first page of the draft report. (Id.) Consequently, Plaintiff did not have notice of all of the modifications until May 31, 2006.

1  be filed no later than July 31, 2006; any reply shall be filed no
2  later than August 4, 2006.
3          IT IS SO ORDERED.
4  Dated:  July 10, 2006
5
6                                  /s/ Garland E. Burrell, Jr.
                                   GARLAND E. BURRELL, JR.
7                                  United States District Judge

5