IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,

    Plaintiff,

  v.

DEL TACO, INC. dba DEL TACO #115;
and PHILIPPE DURAND GORRY,

    Defendants.

2:04-cv-2154-GEB-EFB

ORDER[*]

Defendants move for summary judgment or partial summary judgment on all Plaintiff's claims. Plaintiff opposes the motion and counters with his own motion for summary judgment. Plaintiff also moves to strike Defendants' Supplemental Expert Report and Defendants move to strike Plaintiff's Reply in Support of Summary Judgment.

### BACKGROUND

Plaintiff James Sanford ("Plaintiff") is a quadriplegic who uses a motorized wheelchair for mobility. (Pl.'s Statement of Undisputed Facts ¶ 2.) Plaintiff travels in a mobility-equipped van

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  with a wheelchair lift.  (Id. ¶ 3.)  Defendants' restaurant is located
2  near Plaintiff's residence and workplace, and Plaintiff visits the
3  restaurant about once a month.  (Id. ¶ 5.)
4        Plaintiff alleges that during these visits to Defendants'
5  restaurant he has encountered various architectural barriers,
6  including: (1) the access aisle was on the wrong side of the disabled
7  parking space; (2) the walkway leading to the restaurant was too
8  steep; (3) the seating configuration inside the restaurant was not
9  accessible for his wheelchair; (4) the men's restroom was not
10 accessible to Plaintiff; and (5) the entrance door to the restaurant
11 required too much pressure to open.  (Def.'s Statement of Undisputed
12 Facts ("SUF") ¶ 1; Sanford Dep. 20:6-11, 24-25, 21:1-22:1, 24:15-24,
13 25:18-26:4.)
14        On October 14, 2004, Plaintiff filed a Complaint alleging
15 that these barriers constitute violations of the Americans with
16 Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), California
17 Health and Safety Code §§ 19955 et seq., the Unruh Act, Cal. Civ. Code
18 §§ 51 et seq., the Disabled Persons Act, Cal. Civ. Code §§ 54 et seq.
19 ("DPA"), the Unfair Business Practices Act, Cal. Bus. and Prof. Code
20 §§ 17200 et seq., and Negligence, Cal. Civ. Code § 1714 (2006).
21 Plaintiff later abandoned his negligence claim.  (SUF ¶ 14.)  In his
22 Complaint, Plaintiff alleged fifty-one separate barriers to access.
23 (Pl.'s Compl. ¶ 19.)  In response, Defendants attempted to remedy the
24 alleged barriers.  (SUF ¶¶ 8-12.)  Plaintiff contends that despite
25 these modifications, barriers remain.  (Pl.'s Opp'n for Summ. J.
26 ("Pl.'s Opp'n") at 17.)  Plaintiff seeks injunctive relief, statutory
27 damages, attorney fees, costs and litigation expenses on his remaining
28 claims.  (Pl.'s Compl. ¶ 2; SUF ¶ 14.)

DISCUSSION

I. Motion to Strike

Plaintiff moves to strike Defendants' Supplemental Expert Report, arguing that Defendants disclosed the report after the established deadline. (Pl.'s Objection to Defs.' Second Expert Report and Request to Strike ("Pl.'s Mot. to Strike") at 2.) The Status Pretrial Scheduling Order ("Status Order") filed January 13, 2005, set February 8, 2006, as the deadline for authorized rebuttal expert disclosures. (Status Order at 3.) Defendants served Plaintiff with Defendants' Expert Rebuttal Report on February 7, 2006. (Hubbard Decl. ¶ 2.) Defendants then served Plaintiff with the Supplemental Expert Report on May 31, 2006. (Id. ¶ 3.)

Plaintiff argues the Supplemental Expert Report should be stricken under Federal Rule of Civil Procedure 37(c)[1] because it was an untimely Rule 26(a)(2) rebuttal disclosure. (Pl.'s Mot. to Strike at 4-5.) Defendants rejoin that they served the Supplemental Expert Report in compliance with Rule 26(e). (Def.'s Objection to Pl.'s Request to Strike at 2-3.) However, the issue of whether Defendants were authorized to supplement their Expert Rebuttal Report pursuant to Rule 26(e) is not the basis of Plaintiff's objection, nor does Plaintiff brief this issue in his Reply. Rather, Plaintiff states if the "Court is inclined to allow the [Supplemental Expert Report] under FRCP 26(e)(1), then [Plaintiff] would respectfully request that this Court also continue the hearing on Del Taco's Motion for Summary

---

[1] All subsequent references to "Rules" are to the Federal Rules of Civil Procedure.

3

Judgment."[2]  (Pl.'s Reply at 3.)  Since the basis of Plaintiff's objection is not the authority under which Defendants justify the Supplemental Expert Report, and Plaintiff has not briefed whether the Supplemental Expert Report was authorized under Rule 26(e)(1), Plaintiff's objection is not sustained on the ground on which it is based.[3]

II.  <u>Defendant's Motion for Summary Judgment on ADA Claims</u>[4]

Defendants move for summary judgment on Plaintiff's claims of ADA violations arguing that no barriers currently exist at the restaurant and as such, there is no genuine issue of material fact remaining on any of Plaintiff's ADA claims.  On August 28, 2006, Plaintiff filed an untimely Reply in Support of his Counter Motion for Summary Judgment.  Defendants request the Court strike this Reply.  Although untimely briefs are not condoned, Plaintiff's Reply asserts no new arguments and, therefore, is not stricken.

The ADA prohibits discrimination against disabled individuals on the basis of their disability.  <u>See</u> 42 U.S.C. §§ 12101 et seq.  The ADA Accessibility Guidelines ("ADAAG") provides the standard for determining a violation of the ADA.  <u>Wilson v. Pier 1 Imports, Inc.</u>, 2006 WL 1991450, *6-7 (E.D. Cal. July 14, 2006); <u>Eiden v. Home Depot USA, Inc.</u>, 2006 WL 1490418, *8 (E.D. Cal. May 26, 2006).  "[T]he ADAAG defines 'accessible' as 'a site, building, facility or

---

[2] The Court granted Plaintiff a continuance under Rule 56(f) so Plaintiff could conduct a site inspection of the restaurant after Defendants allegedly removed the barriers.  (Order, July 10, 2006, at 4.)

[3] The substance of Rule 26(e) was not contemplated when expert disclosures were prescribed in the Status Order.

[4] The standards applicable to motions for summary judgment are well known and need not be repeated here.

4

portion thereof that complies with these guidelines.'  This language also plainly implies that compliance with the ADAAG, and not another standard, constitutes compliance with the ADA requirements." Eiden, 2006 WL 1490418, *8 (citing ADAAG 3.5).

### A. Barriers on Which Summary Judgment is Granted

The parties dispute whether Plaintiff can challenge an alleged architectural barrier of which he did not have actual knowledge prior to filing his Complaint.  However, since these barriers have either been remedied or are not subject to the ADA, the merits of the disputed standing issue are not reached.  Summary judgment is granted on the following claims for the reasons stated below.

1.      Plaintiff asserts the tow away sign in the restaurant parking lot is the wrong color, and cites to the Manual of Uniform Traffic Control Devices ("MUTCD") as the basis for this alleged barrier.  (Pl.'s Opp'n at 17.)   The MUTCD does not establish the guidelines for a violation of the ADA, and the ADAAG does not require tow away signs.  See ADAAG 4.6.

2.      Plaintiff asserts the Disabled Van Parking sign does not comply with the ADA because it is the wrong size.  (Pl.'s Opp'n at 19.)  The ADAAG requires only that a sign be installed and places no limitation on the size of sign required.  See ADAAG 4.6; 4.30.

3.      Plaintiff asserts there are no signs in Defendants' parking lot directing disabled persons to the accessible route into the restaurant.  (Pl.'s Opp'n at 18.)  The ADAAG does not require the posting of such signs.  See Harris v. Costco Wholesale Corp., 389 F. Supp. 2d 1244, 1250 (S.D. Cal. 2005) (stating that the lack of

1 directional signs in the parking lot did not support a finding of an
2 ADA violation).
3 4.       Plaintiff asserts the International Symbol of Accessibility
4 ("ISA") signs located on the restaurant's tables are not in compliance
5 with the ADAAG.  (Pl.'s Opp'n at 20.)  The ADAAG specifies which
6 elements of a building require ISA signs and it does not require
7 accessible seating to be labeled.  See ADAAG 3.5; 4.1.2(7).
8 5.       Plaintiff asserts the ISA sign on the restaurant's entry
9 doors are posted at the wrong height.  (Pl.'s Opp'n at 19-20.)  The
10 ADAAG states only that entry doors must be labeled and does not
11 specify a required mounting height.  See ADAAG 4.1.2(7); 4.30.7.
12 6.       Plaintiff asserts the counter where patrons order, pay for
13 and pick up food, as well as the beverage self-service counter, are
14 only 35 inches high and do not provide enough clear space under the
15 counters for wheelchair patrons to maneuver.  (Pl.'s Opp'n at 20.)
16 The ADAAG requires that all counters in retail facilities have a
17 maximum height of 36 inches so that wheelchair patrons can reach the
18 counters.  ADAAG 7.2.  Since the counters are 35 inches high, the
19 counters are within the maximum height requirement.
20 7.       Plaintiff asserts the booth seating throughout the
21 restaurant violates the ADAAG requirement of 30 inches by 48 inches of
22 clear floor space.  (Pl.'s Opp'n at 20.)  Although the ADAAG does
23 require at least 5% of seating in a restaurant to be accessible, there
24 is no requirement that both table and booth seating be accessible as
25 Plaintiff asserts.  ADAAG 5.1.  Defendants declare that at least 5% of
26 the total seating at the restaurant is accessible (Casper Decl. in
27 Supp. of Def.'s Reply/Opp. ¶ 27) and Plaintiff does not counter this
28 position.

8.      Plaintiff asserts the lack of directional signage to the disabled accessible restrooms violates the ADA. (Pl.'s Opp'n at 20.) The ADAAG requires directional signs to restrooms "when not all are accessible." ADAAG 4.1.2(7). Defendants declare that all restrooms are accessible, (Casper Decl. in Supp. of Def.'s Reply/Opp. ¶ 23), and Plaintiff has not countered this position.

9.      Plaintiff asserts the floor mat inside the men's restroom is not properly secured to the floor. (Pl.'s Opp'n at 19.) The ADAAG has no provision requiring floor mats in the restroom be secured. See ADAAG 4.23.

10.     Plaintiff asserts the force required to open the entrance door to the restaurant exceeds the maximum allowed. (Pl.'s Opp'n at 19.) The ADAAG places a five pound limit on force required to open interior doors; however, there is no similar restriction placed on exterior doors. See ADAAG 4.13.11. "Because the ADAAG does not define the requirement for exterior door pressure, [Plaintiff] has the burden to show that the door created a barrier to his access." Sanford v. Del Taco, Inc., 2006 U.S. Dist. LEXIS 29561, *5 (E.D. Cal. May 12, 2006). Plaintiff admits he was able to open the entrance door unassisted and therefore, he has not shown the door created a barrier to his access. (Sanford Dep. at 21:18-22:1.)

11.     Plaintiff asserts the men's restroom stall does not have the requisite 48 inches of clear space from the front of the water closet to the opposite wall. (Pl.'s Opp'n at 19.) The ADAAG only specifies the stall must have a total measurement of 48 inches wide by 56 inches long, and does not specify the amount of clear space that must be in front of the water closet. See ADAAG 4.16. Defendants declare the length and width of the stall complies with the ADAAG, (Casper Decl.

1 in Supp. of Def.'s Reply/Opp. ¶ 20), and Plaintiff does not counter
2 this position.
3 12.     Plaintiff agrees that Defendants remedied other access
4 barriers alleged in Plaintiff's Complaint concerning the accessibility
5 of the men's restroom, restroom signage, accessible parking spaces,
6 and available knee space under tables in the restaurant.  (Pl.'s
7 Compl. Ex. A.)  Therefore, these claims are moot.  (Pl.'s Opp'n
8 at 17-21.)
9     B. Barriers Where Disputed Facts Exist
10          There are four remaining architectural barriers Plaintiff
11 alleges he actually encountered prior to filing his Complaint.  (SUF
12 at 2.)  Defendants and Plaintiff both move for summary judgment on
13 these claims.  However, since genuine issues of material fact exist,
14 summary judgment is denied for the reasons stated below.
15 1.     Plaintiff alleges the ramp from the accessible parking space
16 to the restaurant exceeds the allowable 8.33% slope.  See ADAAG 4.7.5.
17 (Pl.'s Opp'n at 18.)  Defendants' expert measured the slope of the
18 ramp at 6.7%, (Casper Decl. in Supp. of Reply/Opp. at ¶ 11.), but
19 Plaintiff's expert measured the slope at 9.6%, (Pl.'s Expert Report
20 at 8).  Because of this factual dispute summary judgment is denied.
21 2.     Plaintiff alleges the accessible route into the restaurant
22 exceeds the allowable 2% slope.  See ADAAG 4.3.7.  (Pl.'s Opp'n
23 at 18.)  Defendants' expert measured the slope at under 2%, (Defs.'
24 Expert Report at 4), but Plaintiff's expert measured some portions of
25 the slope at 3%, and other portions at 5%, (Pl.'s Expert Report at 6).
26 Because of this factual dispute summary judgment is denied.
27 3.     Plaintiff alleges the slope of the accessible route to the
28 restrooms exceeds the allowable 2% slope.  ADAAG 4.3.7.  (Pl.'s Opp'n

8

at 18.) Defendants' expert measured the slope at under 2%, (Def.'s Supplemental Expert Report at 4); however, Plaintiff's expert measured the slope at up to 3%, (Pl.'s Expert Report at 10). Because of this factual dispute summary judgment is denied.

4. Plaintiff alleges an architectural barrier exists because the restroom cannot be entered without a key to unlock the door. (Pl.'s Opp'n at 19.) Although the ADAAG does not proscribe keyed locks, it does specify that opening door locks cannot "require tight grasping, tight pinching, or twisting of the wrist to operate." ADAAG 4.13.9. Whether the use of the key at issue constitutes a barrier is a question of fact; therefore, summary judgment is denied.

### C. Readily Achievable

To show a violation of the ADA, Plaintiff must show that removal of a barrier is "readily achievable." Wilson v. Pier 1 Imports, Inc., __ F. Supp. 2d __, 2006 WL 1991450, *8 (E.D. Cal. July 14, 2006) (stating that the existence of structures or obstacles that violate the ADAAG alone does not satisfy a plaintiff's prima facie burden of establishing an ADA violation, and that a plaintiff must also show that removal is readily achievable). Defendants argue Plaintiff cannot meet this burden. (Def.'s Reply at 16.)

Plaintiff argues that Defendants' profits over the past year exceeded $35 million, (Hubbard Decl. Ex. A), and that the cost of removing all barriers is approximately $14,000, (Settle Decl. Ex. C). Defendants counter since they have operated at a net loss for the past five quarters, removal of the barriers is not readily achievable. (Honer Decl. ¶ 7.) The parties' factual conflict of "whether defendants can shoulder these costs is a question of fact for the jury." (Pickern v. Best Western Timber Cove Lodge Marina Resort, 2002

1  WL 202442, *3 (E.D. Cal. Jan. 18, 2002) superceded in part, 194
2  F. Supp. 2d 1128 (E.D. Cal. 2002).

3  <u>D. Standing</u>

4  Defendants argue Plaintiff does not have standing to pursue
5  the remaining ADA claims because he was not deterred from eating at
6  the restaurant and therefore suffered no injury.  (Def.'s Mot. for
7  Summ. J. at 4, 12.)  Plaintiff admits eating at the restaurant
8  approximately once a month despite the alleged barriers.  (SUF at 4.)
9  Whether Plaintiff suffered an injury despite his ability to overcome
10 the alleged architectural barriers concerns a factual dispute that
11 cannot be resolved based on the present record.

12 <u>II.  Application of § 1367 to State Claims</u>

13 Defendants argue the Court should discontinue exercising
14 supplemental jurisdiction over all of Plaintiff's state claims.
15 (Def.'s Mot. for Summ. J. at 13-15.)  Plaintiff asserts numerous state
16 claims.  (Pl.'s Compl. ¶¶ 48-86.)

17 A federal court has supplemental jurisdiction over state
18 claims under 28 U.S.C. § 1367 ("section 1367") when federal and state
19 claims derive from the same "nucleus of operative fact."  <u>United Mine</u>
20 <u>Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966).  Section 1367 provides a
21 district court with discretion to decline exercising supplemental
22 jurisdiction over a state claim if, inter alia, "(1) the claim raises
23 a novel or complex issue of State law, [or] (2) the claim
24 substantially predominates over the claim or claims over which the
25 district court has original jurisdiction."  28 U.S.C. § 1367(c).

26 Some of Plaintiff's state claims raise novel and complex
27 issues of state law.  Specifically, Plaintiff contends that the
28 standard for determining the presence of barriers under California law

10

1  is governed by Title 24 of the California Building Code ("Title 24"),
2  regardless of whether Defendants' premises have been altered. (Pl.'s
3  Opp'n at 15.)  The plain language of Title 24 specifies that it does
4  not apply to buildings constructed after the statute's enactment in
5  1982 unless "alterations, structural repairs or additions are made to
6  such buildings or facilities." Cal. Code Regs. tit. 24, § 1134B.2
7  (2006).  The restaurant was constructed in 1979, and was not altered
8  prior to when Plaintiff filed his Complaint. (SUF at 9.)  Plaintiff
9  argues the Legislature adopted the ADA as the standard for the DPA and
10 the Unruh Act, including the ADA's readily achievable standard, since
11 California has incorporated the ADA as an element of both these Acts.
12 Plaintiff concludes the alteration requirement in Title 24 is no
13 longer California law, because "the California Legislature intended to
14 adopt the same requirement of 'readily achievable' barrier removal for
15 current [Title 24] violations (as the ADA requires for ADAAG
16 violations) . . . ." (Pl.'s Opp'n at 15.)

17         Plaintiff cites no California case law holding that the
18 ADA's readily achievable standard changes when the Title 24 standard
19 applies to barriers, and independent research has found none.
20 Plaintiff's state claims based on this interpretation of California
21 law, therefore, raise issues of first impression.  Since the
22 interpretation of state law on these issues should be left to the
23 state courts, these state claims will be dismissed. See Arpin v.
24 Santa Clara Valley Transp. Agency, 261 F.3d 912, 927 (9th Cir. 2001)
25 (stating that the district court did not abuse its discretion when
26 declining to exercise supplemental jurisdiction over an issue of first
27 impression); Molski v. Kahn Winery, 381 F. Supp. 2d 1209, 1212 (C.D.
28 Cal. 2005) ("California courts should be given the opportunity to

11

interpret California law"); Molski v. Mandarin Touch Restaurant, 359 F. Supp. 2d 924, 936 (C.D. Cal. 2005) (stating that matters of state law should be left to the state courts); Molski v. Hitching Post I Rest., Inc., 2005 U.S. Dist. LEXIS 39959, *21 (C.D. Cal. May 25, 2005) (dismissing state claims because California courts have not yet interpreted the pertinent area of law).

In addition, Plaintiff's state claims substantially predominate the litigation. The state injunctive relief Plaintiff seeks is broader than the injunctive relief Plaintiff seeks under the ADA, and Plaintiff seeks damages under California law. Plaintiff seeks no less than $4000 for each violation of the Unruh Act, or no less than $1000 per violation of the DPA. (Pl.'s Compl. ¶ XII(3).)

The "issue [of] whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation." Gibbs, 383 U.S. at 727. Thus, once the "nature of [a plaintiff's] proofs and the relative importance of [a plaintiff's] claims" becomes apparent, the federal court need not "tolerate a litigant's effort to impose upon it what is in effect only a state law case." Id. "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." Id.; See also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3rd Cir. 1995) ("Given the origin of the 'substantially predominate' standard, a district court's analysis under § 1367(c)(2) should track the Supreme Court's explication of that standard in Gibbs.").

The injunctive relief Plaintiff seeks under his four remaining ADA claims is parallel to part of the injunctive relief Plaintiff seeks under California law. However, Plaintiff's novel

1  argument regarding the ADA's readily achievable standard changing when
2  Title 24 is applicable to an alleged barrier reveals that the state
3  injunctive relief Plaintiff seeks concerns numerous barriers that are
4  not actionable under the federal ADA.  These state injunction issues,
5  combined with the damages Plaintiff seeks under California law, reveal
6  that "in terms of . . . the comprehensiveness of the [state] remedy
7  sought[,]" the state claims substantially predominate over the federal
8  claims.  Gibbs, 383 U.S. at 726; see also San Pedro Hotel Co., Inc. v.
9  City of Los Angeles, 159 F.3d 470, 478-79 (9th Cir. 1998) (upholding
10 dismissal because the state claims predominated over the federal
11 claims).  "[P]ermitting litigation of all [Plaintiff's state] claims
12 in the district court can accurately be described as allowing a
13 federal tail to wag what is in substance a state dog."  Borough, 45
14 F.3d at 789.  Thus, even though dismissal of Plaintiff's state claims
15 under § 1367(c)(2) would create "two parallel proceedings, one in
16 federal court and one in the state system," id. at 787, dismissal is
17 appropriate because the ADA claims are "only an appendage" to the body
18 of the state case.  Gibbs, 383 U.S. at 727.
19         Since Plaintiff's state claims substantially predominate
20 over his remaining federal ADA claims, his state claims will be
21 dismissed.  See Org. for Advancement of Minorities with Disabilities
22 v. Brick Oven Rest., 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005)
23 ("statutory damages available . . . under the Unruh Act substantially
24 predominate over the injunctive relief available under the ADA.");
25 Molski v. EOS Estate Winery, 2005 U.S. Dist. LEXIS 39936, *11-12 (C.D.
26 Cal. July 14, 2005) (stating that the plaintiff's state claims
27 substantially predominated over the federal ADA claim because of the
28 difference in available remedies); Hitching Post, 2005 U.S. Dist.

13

LEXIS 39959, *22-23 (declining to exercise supplemental jurisdiction because of the disproportionate remedies sought under state law).

For the reasons stated, the Court declines to continue exercising supplemental jurisdiction over Plaintiff's state claims. See 28 U.S.C. § 1367(c)(1), (2).

## CONCLUSION

Defendants' motion for summary judgment under the ADA is denied on Plaintiff's claims that architectural barriers exist: (1) on the ramp adjacent to the accessible parking space; (2) on the walkway into the restaurant; (3) on the walkway to the restrooms; and (4) requiring a key to enter the men's restroom. Defendants' motion for summary judgment on Plaintiff's remaining claims under the ADA is granted. Further, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(1), (2).

IT IS SO ORDERED.

Dated: September 15, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge