IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD, | ) |
| | ) 2:04-cv-2154-GEB-EFB |
| Plaintiff, | ) |
| | ) |
| V. | ) TENTATIVE FINAL PRETRIAL ORDER |
| | ) |
| DEL TACO, INC., d/b/a Del Taco #115; PHILIPPE DURAND GORRY, et al., | ) |
| | ) |
| Defendants. | ) |

This Tentative Final Pretrial Order will be used at the Final Pretrial Conference scheduled to commence at 2:30 p.m. on October 16, 2006.

I.   JURY/NON-JURY

Trial of the remaining equitable claims is to the bench.

II.   IMPARTIAL EXPERT

The parties state in their Joint Pretrial Statement ("JPS") they "would stipulate to a court appointed expert to determine what elements at the facility still at issue (specifically, the sidewalk and entrance ramp slopes, and the restroom door lock) . . . currently violate the [Americans with

1

1  Disabilities Act Accessibility Guidelines ("ADAAG")]."  (JPS
2  at 16.)  **The parties shall confer about this to ascertain whether**
3  **they could agree on an expert, on payment of the expert's fees**, and
4  **on when any authorized inspection would occur.**

III.   UNDISPUTED FACTS

    A.   Defendant Del Taco is a corporation authorized to do business in the State of California;

    B.   Defendant, Del Taco, Inc. dba Del Taco #115, operates and is lessee of the Del Taco restaurant at issue herein, located at 5900 Florin Road, Sacramento, California 95823 (the "Restaurant");

    C.   Defendant, Philippe Durand Gorry, is the owner and lessor of the Restaurant;

    D.   The Restaurant is a place of public accommodation to which the general public is invited;

    E.   The Restaurant is a dining facility constructed in the State of California with private funds.

IV.   DISPUTED FACTUAL ISSUES

    A.   Whether the ramp from the accessible parking space to the Restaurant exceeds the maximum allowable slope of 8.33%, in violation of ADAAG § 4.7.2;[1]

    B.   Whether the accessible route into the Restaurant exceeds the maximum allowable slope of 2%, in violation of ADAAG § 4.3.7;

---

[1] The parties' reference in the JPS to ADAAG § 4.7.5 appears to be erroneous, since that section pertains to sides of curb ramps.  Therefore, this disputed factual issue has been modified to reflect the applicable section of the ADAAG.

C.  Whether the slope of the accessible route to the restrooms in the Restaurant exceeds the maximum allowable slope of 2%, in violation of ADAAG §§ 4.3.7 and 4.3.2(2);[2]

D.  Whether the Restaurant's restroom cannot be entered without a key to unlock the door;

E.  Whether the use of a key to open the Restaurant's restroom requires tight grasping, tight pinching, or twisting of the wrist to operate, in violation of ADAAG § 4.13.9;

F.  Whether the alleged barriers Plaintiff encountered at Del Taco # 115 are within the dimensional tolerances contemplated by the ADAAG;

G.  Whether Plaintiff suffered an injury in fact;

H.  Whether barrier removal is readily achievable;

I.  Whether Plaintiff visited or was deterred from visiting Del Taco # 115 within the limitations period.

Dated:  October 12, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2]  The parties' reference in the JPS to ADAAG § 4.3.2(1) appears to be erroneous, since that subsection addresses accessible routes to the building entrance.  Therefore, this disputed factual issue has been modified to reflect the applicable subsection of the ADAAG.