IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JAMES SANFORD,                    )
                                  )       2:04-cv-2154-GEB-EFB
          Plaintiff,              )
                                  )
     V.                           )       FINAL PRETRIAL ORDER
                                  )
DEL TACO, INC., d/b/a Del         )
Taco #115; PHILIPPE DURAND        )
GORRY, et al.,                    )
                                  )
          Defendants.             )
                                  )
```

A final pretrial conference was held on October 16, 2006. Mark Emmett appeared on behalf of the Plaintiff; Lisa Wegner appeared on behalf of the Defendant.[1]

After hearing, the Court makes the following Order.

### I. JURISDICTION AND VENUE

Jurisdiction is based on 28 U.S.C. § 1331. Venue is undisputed.

---

[1] A Tentative Final Pretrial Order was filed on October 12, 2006, which was used to create this Order.

1

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | II.  JURY/NON-JURY                                              |
| 2  | Trial of the remaining equitable claims is to the bench.        |
| 3  | III.  UNDISPUTED FACTS                                          |

A. Defendant Del Taco is a corporation authorized to do business in the State of California;

B. Defendant, Del Taco, Inc. dba Del Taco #115, operates and is lessee of the Del Taco restaurant at issue herein, located at 5900 Florin Road, Sacramento, California 95823 (the "Restaurant");

C. Defendant, Philippe Durand Gorry, is the owner and lessor of the Restaurant;

D. The Restaurant is a place of public accommodation to which the general public is invited;

E. The Restaurant is a dining facility constructed in the State of California with private funds.

IV.  DISPUTED FACTUAL ISSUES

A. Whether the ramp from the accessible parking space to the Restaurant exceeds the maximum allowable slope of 8.33%, in violation of ADAAG § 4.7.2;

B. Whether the accessible route into the Restaurant exceeds the maximum allowable slope of 2%, in violation of ADAAG § 4.3.7;

C. Whether the slope of the accessible route to the restrooms in the Restaurant exceeds the maximum allowable slope of 2%, in violation of ADAAG §§ 4.3.7 and 4.3.2(2);

D. Whether the Restaurant's restroom cannot be entered without a key to unlock the door;

     E.    Whether the use of a key to open the Restaurant's restroom requires tight grasping, tight pinching, or twisting of the wrist to operate, in violation of ADAAG § 4.13.9;

     F.    Whether the alleged barriers Plaintiff encountered at Del Taco # 115 are within the dimensional tolerances contemplated by the ADAAG;

     G.    Whether Plaintiff suffered an injury in fact;

     H.    Whether barrier removal is readily achievable;

     I.    Whether Plaintiff visited or was deterred from visiting Del Taco # 115 within the limitations period.

## V. DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than October 30, 2006. An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than November 13, 2006. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis.*

## VI. TRIAL BRIEFS

In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

    1.    The elements, standards, and burdens of proof as to each of Plaintiff's causes of action, including citations of authority in support thereof.

    2.    The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

         Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than <u>twenty (20) court days prior to the date of trial</u>.  **The trial briefs must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."  Local Rule 16-285(a)(3).**

VII.   <u>ABANDONED ISSUES</u>

         Plaintiff has abandoned his claim for negligence.

VIII.   <u>WITNESSES</u>

         A.   Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit A, attached hereto.

         B.   Defendant expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit B, attached hereto.

         C.   Each party may call a witness designated by the other.

         D.   No person, other than those named on these witness lists, will be permitted to testify unless:

            (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

            (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

         E.   If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of

the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify. The witness will be not be permitted to testify unless:

 (1) The witness could not reasonably have been discovered prior to pretrial;

 (2) The Court and opposing counsel were promptly notified upon discovery of the witness;

 (3) If time permitted, counsel offered the witness for deposition; and

 (4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

## IX.  EXHIBITS[2]

 A.  Plaintiff intends to offer in evidence the exhibits described in Exhibit C, attached hereto.

 B.  Defendant intends to offer in evidence the exhibits described in Exhibit D, attached hereto.

 C.  No other exhibits will be permitted to be introduced unless:

  (1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

  (2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

---

[2] Plaintiff's objections to Defendants' Amended Exhibit List based on the contention it is untimely is overruled because the document was filed on time.

1            D.   Any party proposing to introduce an exhibit which was
2  discovered after the pretrial conference shall promptly notify the
3  Court and opposing counsel of the existence of such exhibit.  The
4  Court will not permit any such exhibit to be introduced unless it
5  finds:
6            (1) That the exhibit could not reasonably have been
7  discovered prior to the pretrial conference;
8            (2) The Court and counsel were promptly informed of
9  the exhibit's existence; and
10           (3) That the offering party has delivered a copy of
11 the exhibit to opposing counsel, or, if the exhibit may not be
12 copied, that the offering counsel has made the exhibit reasonably
13 available for inspection by opposing counsel.
14           E.   Plaintiff's exhibits shall be numbered and marked
15 with colored stickers provided by the Court while Defendant's
16 exhibits shall be designated by alphabetical letter also marked
17 with colored stickers provided by the Court.  To obtain stickers,
18 parties should contact the Clerk of Court at (916) 930-4000.
19           The parties are directed to exchange with each other, at
20 least twenty (20) court days prior to trial, copies of all of their
21 respective exhibits, marked with exhibit stickers provided by the
22 Court.  Within five (5) court days after receipt and examination of
23 the exhibits, each party shall file with the Court and serve upon
24 opposing counsel objections, if any, to the exhibits, referencing
25 the exhibits as marked by exhibit sticker and specifying the basis
26 for each objection.  Failure to exchange exhibits as ordered could
27 result in the exhibit not being used at trial and/or the imposition
28 of sanctions.  The failure to make objections in the manner

1 prescribed by this section shall constitute a waiver of objections.
2 A party seeking to admit into evidence an exhibit to which no
3 objection was made must identify said exhibit for the record and
4 then move it into evidence.

5 Counsel shall produce all exhibits to the Clerk's Office
6 on the Friday before the before trial date, no later than 4:00 p.m.
7 At that time, the parties shall also furnish the Court with a copy
8 of each exhibit, unless the exhibit is physically incapable of
9 being reproduced.  Failure to produce exhibits as ordered could
10 result in waiver of the right to offer those exhibits.  Each party
11 submitting exhibits shall furnish a list to the Court, the
12 courtroom deputy and opposing counsel itemizing the exhibits.

13 X. FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS

14 A. It is the duty of counsel to ensure that any
15 depositions which are to be used at trial for any purpose shall
16 have been filed with the clerk, and counsel are cautioned that a
17 failure to discharge this duty may result in preclusion of the use
18 of the unfiled depositions or in the imposition of such other
19 sanctions as the Court deems appropriate.

20 B. No later than twenty (20) court days before the trial
21 commencement date, counsel for each party shall serve on the other
22 parties a statement designating all answers to interrogatories and
23 all portions of depositions (except for passages to be used solely
24 for refreshing recollection, impeachment or rebuttal).  No later
25 than ten (10) court days before the trial commencement date,
26 counter-designations of other portions of these discovery documents
27 may be served.  No later than five (5) court days before trial, the
28

1  parties shall file and serve any preserved evidentiary objections
2  to any designated discovery, or said objections are waived.
3          C. Any deposition or parts thereof shall be submitted as
4  an exhibit with a cover sheet explaining which objections, if any,
5  are waived.  Accordingly, deposition passages need not be read into
6  the record.

## XI.   FURTHER DISCOVERY OR MOTIONS

8          Pursuant to the Court's Pretrial Scheduling Order, all
9  discovery and law and motion was to have been completed prior to
10 the date of the final pretrial conference.  That order is
11 confirmed.  The parties are, of course, free to conduct any
12 additional discovery they desire pursuant to informal agreement.
13 However, any such agreement will not be enforceable in this Court.

## XII.   SETTLEMENT NEGOTIATIONS

15         No settlement conference is scheduled in this matter.  If
16 the parties believe that a settlement conference would be
17 productive and facilitate resolution of this case, the parties may
18 contact the Court.  If the Court schedules a settlement conference
19 at the request of the parties, each party would be directed to have
20 a principal with authority to settle the case on any terms present
21 at the settlement conference.
22         In addition, each party would have to submit a settlement
23 conference statement directly to the chambers of the settlement
24 judge, five (5) court days prior to the settlement conference.
25 Such statements would not have to be filed with the clerk nor
26 served on opposing counsel.  However, each would be required to
27 notify the other party or parties that the statement was submitted
28 to the judge's chambers.

XIII. <u>PROPOSED FINDINGS AND CONCLUSIONS</u>

Each party shall submit proposed prevailing party findings and conclusions ten (10) court days before trial. <u>FAILURE TO DO SO DISMISSES, WAIVES, OR ABANDONS THAT ISSUE, CLAIM OR DEFENSE.</u> The parties may supplement timely-submitted proposed findings and conclusions as trial progresses, up until closing arguments.

XIV. <u>ATTORNEYS FEES</u>

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

IT IS SO ORDERED.

Dated: October 16, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge