IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JAMES SANFORD,                  )
                                )    2:04-cv-2154-GEB-EFB
            Plaintiff,          )
                                )
        V.                      )    ORDER
                                )
DEL TACO, INC., d/b/a Del       )
Taco #115; PHILIPPE DURAND      )
GORRY, et al.,                  )
                                )
            Defendants.         )
_____)
```

        Five motions in limine are pending; four made by Plaintiff and one by Defendants.

        Plaintiff's first motion in limine is denied since it is unclear whether the prior lawsuits are relevant.

        Plaintiff's second in limine motion requests that Defendants "be excluded from presenting any evidence or testimony regarding any affirmative defenses not pled in their Answer . . . ." (Plaintiff's Mot. in Limine No. 2 at 3.) This motion is denied since the Final Pretrial Order controls the issues to be tried.

/////

1  Plaintiff's third in limine motion seeks to "limit[] [Defendants' expert witness's testimony] to his report[,]" mentions "legal conclusions," and argues Defendants' expert's testimony "should not include whether or not he could personally access any portions of the Del Taco Restaurant." (Plf.'s Mot. in Limine No. 3 at 2.) This motion is denied since it is not sufficiently crystalized for an in limine ruling.

Plaintiff's fourth motion in limine seeks to preclude Defendants from introducing at trial the photographs Plaintiff's counsel received on October 6 or 7 of 2006. Plaintiff argues these photographs "were never disclosed to [P]laintiff during the course of litigation and prior to discovery cut-off." (Plaintiff's Mot. in Limine No. 4 at 2.) Defendants counter that Federal Rule of Civil Procedure 26(a)(3) authorizes them to produce these photographs when they were produced since the photographs are impeachment evidence.

Defendants also argue that these photographs were taken by their expert in September 2006 in response to Plaintiff's expert's photographs, which were taken on July 24, 2006, and attached to Plaintiff's expert's declaration, filed in support of Plaintiff's motion for summary judgment. Defendants argue:

> Because Plaintiff's expert's photographs appeared for the first time after the discovery and expert cutoffs, it was impossible for Del Taco to produce the photographs . . . prior to the discovery cutoff. Moreover, Del Taco timely produced [the] photographs . . . to Plaintiff's counsel pursuant to Rule 26(e) on October 6, 2006, within one week of receiving them from [their expert]. . . . These photographs were taken in the exact locations as [Plaintiff's expert's] photographs purely to rebut Plaintiff's post-discovery evidence."

> Moreover, the rules of this Court liberally permit rebuttal evidence at trial. For example, Local Rule 16-282(5) provides for discussion at the pretrial conference of: The filing of statements designating portions of depositions, admissions and answers to interrogatories that the respective parties intend to offer at the trial (<u>except portions to be used only for impeachment or rebuttal</u>).
>
> Likewise, this Court's Final Pretrial Order ("FPO") provides that exhibits not identified on the parties' respective exhibit lists may be admitted into evidence if "[t]he party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticiapted at the pretrial conference . . . ." []Here, there is no dispute that Del Taco provided Plaintiff with [its expert's] photographs in a timely manner pursuant to Rule 26(e) as well as included them in its Exhibit List attached to the FPO.

(Defs.' Opp'n to Plf.'s Mot. in Limine No. 4 at 2-3.)  Plaintiff has not rebutted Defendants' arguments.  Therefore, Plaintiff's fourth in limine motion is denied.

Lastly, Defendants move in limine for "an order precluding Plaintiff . . . from introducing evidence relating to any visits (1) prior to the one-year statutory limitations period; and (2) post-dating the filing of his Complaint against Del Taco # 115 . . . ."  (Defendants' Mot. in Limine at 2.)  This motion is denied since it is unclear and has not been shown ripe for decision.

IT IS SO ORDERED.

Dated:  November 27, 2006

GARLAND E. BURRELL, JR.
United States District Judge